UNITED STATES DISTRICT COURT
DISTRICT OF MAINE



UNITED STATES OF AMERICA

v.

SHAHIED R. GOLDEN

No. 1:24-cr-00070-JAW

# INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The defendant resided in Old Town, Maine.

2. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent or mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

3. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and

either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses.

4. PPP loan applications were electronically submitted or caused to be submitted by the borrower. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

5. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase personal consumer goods or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

6. Lender A was a participating PPP lender headquartered in Miami, Florida.

7. The defendant held a bank account in his name at Bank A, which has corporate offices in Bangor, Maine.

**THE SCHEME AND ARTIFICE**

8. Beginning at an unknown time, but no later than on about April 19, 2021, and continuing until at least May 24, 2021, in the District of Maine and elsewhere, the Defendant

**SHAHIED R. GOLDEN**

knowingly and willfully devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretense, representations, and promises.

2

## MANNER AND MEANS

9. The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

   a. The defendant prepared and submitted, and caused to be prepared and submitted, a false and fraudulent application for a PPP loan that included materially false and fraudulent representations and pretenses, such as:

      i. Providing a false gross income amount for 2020;

      ii. Falsely stating that the loan proceeds were necessary to support the applicant's payroll and would be used for payroll; and

      iii. Affirming under penalty of perjury that the statements in the application were true and correct.

   b. The defendant prepared and submitted, and caused to be prepared and submitted, false and fraudulent documents in support of the PPP application, such as:

      i. An IRS form that falsely stated, among other things, the applicant's gross income.

   c. The defendant opened and caused to be opened a bank account at Bank A into which the fraudulently obtained PPP proceeds would be transferred via interstate wire;

   d. The defendant caused Lender A to transfer the fraud proceeds to a bank account under his control; and

   e. The defendant used the fraud proceeds for his personal benefit rather than for the specified expenses authorized under the PPP.

10. As part of the scheme, the defendant filed, or caused to be filed, a PPP loan

application on about April 29, 2021, with Lender A for approximately $20,833.

11. As a result of the scheme, the defendant fraudulently obtained approximately $20,833 in PPP loan proceeds.

## COUNT ONE
## Wire Fraud

12. Paragraphs 1 – 11 and all subparts are incorporated herein.

13. On about May 19, 2021, in the District of Maine and elsewhere, the Defendant,

### SHAHIED R. GOLDEN

having devised and intending to devise a scheme to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud. Specifically, the defendant did transmit and cause to be transmitted a wire transfer of approximately $20,833 on about May 19, 2021, from Lender A to a bank account held by the defendant with an account number ending 7549.

All in violation of Title 18, United States Code, Sections 1343 and 2.

### NOTICE OF FORFEITURE

Upon conviction of the offense alleged in Count One of this Indictment, charging violation of 18 U.S.C. § 1343, the defendant,

### SHAHIED R. GOLDEN

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, constituting or derived from proceeds traceable

to the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of proceeds obtained as a result of the offense.

If any of the property described above as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL,

Signature Redacted – Original on file with the Clerk's Office

GRAND JURY FOREPERSON

_____
Assistant United States Attorney
Dated: 6/12/24

5